IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KENNETH EDWARD BARBOUR, | ) | CIV. NO. 11-00210 LEK/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING *IN FORMA* |
| | ) | *PAUPERIS* APPLICATION AND |
| vs. | ) | DISMISSING COMPLAINT AND |
| | ) | ACTION |
| CHIEF FEDERAL DISTRICT JUDGE | ) | |
| DISTRICT OF HAWAII SOM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING COMPLAINT AND ACTION

Pro se Plaintiff Kenneth Edward Barbour is incarcerated at the Red Onion State Prison, located in Pound, Virginia. Plaintiff has submitted a prisoner civil rights complaint and an *in forma pauperis* application. Plaintiff names Chief United States District Judge Susan Oki Mollway as the sole defendant in this action. Plaintiff's *in forma pauperis* application is DENIED and his Complaint and action are DISMISSED pursuant to 28 U.S.C. § 1915A.

### I. BACKGROUND

Plaintiff is not a Hawaii inmate[1] and does not appear to have any connection to Hawaii, other than his filing complaints in this District. Plaintiff has filed more than 140 actions in the United States federal courts, many of which have been dismissed as frivolous or for failure to state a claim

---

[1] Plaintiff does not appear on Hawaii's criminal database, http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm.

pursuant to 28 U.S.C. § 1915A.[2]  See U.S. Party/Case Index, http://pacer.psc.uscourts.gov ("Pacer").  Plaintiff complains that Chief Judge Mollway dismissed his previous action, Civ. No. 10-00597 SOM, as frivolous.  See Civ. No. 10-00597 SOM, Doc. 4. Chief Judge Mollway also denied Plaintiff's *in forma pauperis* application and declined to transfer the action to another district court, finding that the interests of justice did not support such a transfer.

Plaintiff appealed, and the United States Court of Appeals for the Ninth Circuit dismissed the appeal on March 14, 2011, for Plaintiff's failure to perfect the appeal.  See *id.*, Doc. 19.

## I.  STATUTORY SCREENING

The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2).  If a pleading can be cured by the allegation of other facts, a pro

---

[2] *See, e.g. Barbour v. W. Reg'l Dir. VDOC*, 7:08-cv-00598 (W.D. Va.); *Barbour v. VDOC Dir. Inmate Health Serv.*, 7:08-cv-00601 (W.D. Va.); *Barbour v. W. Reg'l Dir. VDOC*, 7:08-cv-00602.

2

se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

### III.  DISCUSSION

Judges are absolutely immune from liability for damages based on acts performed in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (*en banc*). Judicial immunity applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id.* at 1074 (citing *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quotations omitted)). Judicial immunity is not affected "by the motives with which their judicial acts are performed." *Ashelman*, 793 F.2d at 1077.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotations omitted). The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial decision making. *Ashelman*, 793 F.2d at 1078. To effectuate this policy, the Ninth Circuit broadly construes the scope of judicial immunity, which applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy. *Id.*

3

Federal judges' absolute immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996). Moreover, in 1996 Congress amended 42 U.S.C. § 1983 to prohibit the grant of injunctive relief against any judicial officer acting in her or his official capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity is not absolute; there is no immunity if a judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. *Ashelman*, 793 F.2d at 1075. An act is judicial in nature if it is a function normally performed by a judge. *Id.* To determine whether an act is judicial or non-judicial, the Ninth Circuit asks whether:

> (1) the act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004).

Chief Judge Mollway was acting within her normal, official judicial capacity and function when she dismissed Plaintiff's previous complaint and action as frivolous. She clearly had jurisdiction over Plaintiff's previous action. Because Plaintiff's allegations in this action challenge core

4

judicial functions performed by Judge Mollway, Plaintiff's claims are barred by the doctrine of judicial immunity.  Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) &1915A(b), for failure to state a claim.  Amendment is futile and this dismissal is with prejudice and without leave to amend.  Plaintiff's *in forma pauperis* application is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 6, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Barbour v. Mollway,* Civ. No. 11-00210 LEK/RLP; Order Denying *In Forma Pauperis* Application and Dismissing Complaint and Action; psas/Screening/dmp 2011/ Barbour 11-220 LEK